UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASENATH WILSON, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFF | § § | |
| v. | § § | CA NO. 3:17-cv-1597 |
| THI OF TEXAS AT RICHARDSON, LLC AND JENNIFER BAILEY, | § § § § | |
| DEFENDANTS | § § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff Asenath Wilson ("Plaintiff") on behalf of herself and all others similarly situated, and files this Original Collective Action Complaint against THI of Texas at Richardson, LLC and Jennifer Bailey, Individually ("Defendants") and in support thereof would show as follows:

### I. PRELIMINARY STATEMENT

1.1 This is a collective action for unpaid overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"). Defendants operate a number of nursing homes throughout Texas. The nursing home at issue in this lawsuit, The Village at Richardson, is located in Richardson, Texas. Plaintiff was employed by Defendants as an hourly, non-exempt Licensed Vocational Nurse ("LVN"). Prior to becoming an LVN, Plaintiff worked for Defendants as an hourly, non-exempt Certified Nursing Assistant ("CNA").

1.2 Over the course of her employment with Defendants, Wilson and other LVNs and CNAs consistently had much more work than they could finish during their allotted shifts. In order to

finish their work, therefore, Defendants' employees often had to stay and work beyond the end of their shift.

1.3     When employees did not clock out immediately upon the end of their shift, they would be disciplined.  However, just because a shift ended did not mean the LVNs or CNAs on shift could drop everything and walk away, as they were pressured to do by Defendants.  This is because they were often in the middle of providing care to a resident, or passing out medication, or following up on medication changes, or talking to a patient's doctor or family, or handling an emergency, or charting, or any number of activities that cannot simply be terminated or put on hold just because a shift is over.

1.4     Indeed, had Defendants' LVNs and CNAs stopped all work and walked away at the end of their shift, not only would they have risked losing their licenses, they could have seriously jeopardized the health and safety of Defendants' residents.  Because of Defendants' insistence that its LVNs and CNAs clock out as soon as their shift ended, the only way these employees could fulfill their responsibilities to their patients and to Defendants was to clock out and then try to finish up whatever task(s) they were trying to accomplish when their shifts ended.   Defendants knew their CNAs and LVNs were working off the clock, and they benefited from this work.

1.5      Plaintiff, on behalf of herself and all others similarly situated employed by Defendants as hourly, non-exempt LVNs or CNAs, brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.6     For at least three years prior to the filing of this Collective Action Complaint, Defendants willfully committed widespread violations of the FLSA by failing to pay its LVNs and CNAs for all hours worked off the clock in excess of forty per week.

1.7     This collective action consists of current and former hourly, non-exempt LVNs and CNAs who worked for Defendants in the three years preceding the filing of this suit who were not paid all overtime compensation to which they were entitled by virtue of having to work off the clock to finish their jobs.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendant THI of Texas at Richardson, LLC because this entity conducts business in Texas and has entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.     PARTIES

**A.     Plaintiff**

3.1     Plaintiff Asenath Wilson is an individual residing in this judicial district.  Her notice of consent is attached hereto as Exhibit A.

**B.     Defendants**

3.2     Defendants THI of Texas at Richardson, LLC is a foreign limited liability company formed and existing under the laws of Delaware and maintains and operates its principal office in Sparks, Maryland.

3.3     Defendants THI of Texas at Richardson, LLC was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

3.4     Defendants THI of Texas at Richardson, LLC can be served with process by serving its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3.5     Defendant Jennifer Bailey is an individual who resides in Dallas County, Texas.

3.6     At all times relevant to this claim, Defendant Jennifer Bailey acted directly or indirectly in the interest of Defendant THI of Texas at Richardson, LLC in relation to Plaintiff's employment.

3.7     Defendant Jennifer Bailey was substantially in control of the terms and conditions of Plaintiff's work.

3.8     Defendant Jennifer Bailey was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

3.9     Defendant Jennifer Bailey may be served with process at 111 Rockingham Drive, Richardson, Texas 75080.

## IV.     FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of Plaintiff's Original Collective Action Complaint, and continuing thereafter.

4.2     At all relevant times, Defendant THI of Texas at Richardson, LLC had gross operating

revenue in excess of $500,000.00.

4.3     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendants employed "employees", including Plaintiff and each of the collective class Plaintiffs, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5     At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6     At all relevant times, Defendant THI of Texas at Richardson, LLC has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     At all relevant times, Plaintiff and those similarly situated were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties for Defendants.

4.8     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendants operate nursing homes throughout Texas. Plaintiff and those similarly situated worked for Defendants as CNAs and LVNs, providing care to Defendants' residents.

5.2     Defendants employed Plaintiff and those similarly situated during the three-year period preceding the filing of this Complaint.

5.3     Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.4     Defendants maintained and exercised the power to hire, fire, and discipline Plaintiff and those similarly situated during their employment with Defendants.

5

5.5     Plaintiff and those similarly situated were required to comply with Defendants' policies and procedures in performing their work during their employment with Defendants.

5.6     As the President of Defendant THI of Texas at Richardson, LLC, Jennifer Bailey independently exercised control over the work performed by Plaintiff and those similarly situated.

5.7     Jennifer Bailey is responsible for running the day-to-day operations of THI of Texas at Richardson, LLC.

5.8     Jennifer Bailey, acting directly in the interest of THI of Texas at Richardson, LLC, determined the wages to be paid to Plaintiff and those similarly situated.

5.9     Jennifer Bailey, acting directly in the interest of THI of Texas at Richardson, LLC, determined the work to be performed by Plaintiff and those similarly situated and monitored and directed their work on a regular basis.

5.10    Jennifer Bailey, acting directly in the interest of THI of Texas at Richardson, LLC, determined the locations where Plaintiff and those similarly situated would work.

5.11    Jennifer Bailey, acting directly in the interest of THI of Texas at Richardson, LLC, determined the hours of Plaintiff and those similarly situated.

5.12    Jennifer Bailey, acting directly in the interest of THI of Texas at Richardson, LLC, determined the conditions of employment of Plaintiff and those similarly situated.

5.13    Jennifer Bailey, acting directly in the interest of THI of Texas at Richardson, LLC, maintained employment records on Plaintiff and those similarly situated.

5.14    Jennifer Bailey, acting directly in the interest of THI of Texas at Richardson, LLC, possessed and, in fact, exercised the power to hire, fire and discipline Plaintiff and those similarly situated.

5.15   As a part of their operations, Defendants have employed and continue to employ hourly, non-exempt CNAs and LVNs.

5.16   The primary function of these employees is to provide medical care and assistance to Defendants' residents.

5.17   Plaintiff and the similarly situated employees currently perform, or have performed, the job duties described in paragraphs 5.16 within the past three years for Defendants.

5.18   Defendants did not track all time Plaintiff and those similarly situated spent performing work for Defendants.

5.19   Including time spent working off the clock, Plaintiff and those similarly situated normally worked in excess of forty hours per week.

5.20   Although Plaintiff and those similarly situated worked more than forty hours per week, they were not paid their required overtime premiums for all hours worked over forty per week.

## VI.   COLLECTIVE ACTION ALLEGATIONS

6.1   Other employees have been victimized by the pattern, practice, and policy of Defendants that is in violation of the FLSA.  Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other CNAs and LVNs.

6.2   Plaintiff brings this lawsuit on behalf of herself and all other persons who worked for Defendants as hourly, non-exempt CNAs and LVNs at any time three years prior to the filing of Plaintiff's Original Collective Action Complaint, to the entry of judgment in this lawsuit ("Collective Class").

6.3    Defendants did not pay Plaintiff and the Collective Class overtime premiums for all hours worked over forty per week.

6.4     Members of the Collective Class all provided medical care and assistance to Defendants' residents.

6.5     Plaintiff and those similarly situated shared common job duties. Therefore, Plaintiff's experiences are typical of the experiences of other similarly situated employees.

6.6     More importantly, however, even if their job duties were not exactly the same, Plaintiff and the collective class were all hourly, non-exempt employees who were subjected to the same illegal policies and procedures instituted by Defendants that operated to deprive them of all overtime pay to which they were entitled.

6.7     Defendants' pattern of failing to pay for all hours worked over forty per week as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the Plaintiff and the Collective Class.

6.8     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.9     Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff brings these claims on her behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

6.10    Plaintiff requests that Defendants identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, email addresses and mobile telephone numbers.

6.11	Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

6.12	Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.13	Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII.   CAUSE OF ACTION

### Failure to Pay Overtime

7.1	Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2	Plaintiff and all others similarly situated are hourly, non-exempt employees.

7.3	As non-exempt employees, Plaintiff and all others similarly situated are entitled to overtime premiums for all hours worked in excess of forty each week.

7.4	During the employment of Plaintiff and all others similarly situated, they routinely worked in excess of forty hours per week.

7.5	Even though Plaintiff and all others similarly situated worked in excess of forty hours per week, Defendants have failed to pay Plaintiff and all others similarly situated for all such hours.

7.6	No exemption or justification excuses Defendants from paying Plaintiff and those similarly situated overtime premiums for hours worked over forty per week.

7.7	Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.

7.8     In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff and other similarly situated employees.

7.9     Plaintiff and all others similarly situated seek all unpaid overtime compensation and an additional equal amount as liquated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Asenath Wilson and all those similarly situated to her who have or will opt into this action, respectfully pray that this Honorable Court follow the certification procedures previously established pursuant to § 216 of the Fair Labor Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from prospective members of the collective action, and that subsequent thereto Plaintiff and all others similarly situated recover the following, jointly and severally, from Defendant:

    a.    unpaid overtime wages for all hours worked in excess of forty hours in a workweek;

    b.    liquidated damages in an amount equal to their unpaid overtime wages as allowed by the FLSA;

    c.    reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

    d.    pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e.    such other and further relief, at law or in equity, as this Honorable Court deems necessary.

Respectfully submitted,

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

Scotty Jones
State Bar No. 00796848
DUNHAM & JONES, P.C.
1110 E. Weatherford Street
Fort Worth, TX 76102
Tel: (817) 339-1185
Fax: (817) 810-0050
E-mail: sjones@dunhamlaw.com

ATTORNEYS FOR PLAINTIFF